IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**SUNDARI K. PRASAD,**

          Petitioner,

v.

                                        Civil Action No. **3:20CV357**

**COMMONWEALTH OF VIRGINIA,**

          Respondent.

## MEMORANDUM OPINION

Sundari K. Prasad, a Virginia state prisoner proceeding *pro se*, brings this petition

pursuant to 28 U.S.C. § 2254 challenging her misdemeanor conviction for assault and battery in

the Circuit Court for the City of Hampton, Virginia ("Circuit Court"). (ECF No. 1, at 1.)[1]

Prasad's § 2254 Petition indicates that she still has several unresolved matters pending in state

court, including a direct appeal of the Circuit Court's judgment. (*Id.* at 2–3.) This Court

directed Prasad to show cause why her § 2254 Petition should not be dismissed for lack of

exhaustion. (ECF No. 18.) Prasad filed a response. (ECF No. 19.) Prasad has also submitted a

letter to the Clerk of the Court requesting that the undersigned be recused from this case.

("Motion for Recusal," ECF No. 9.) Both matters are ripe for adjudication.

## I. Recusal

In her one-page letter to the Clerk, Prasad alleges that the undersigned is biased based on

a prior case that Prasad brought before the Court. (ECF No. 9, at 1.) While Prasad does not

provide details in her letter, it appears that she is attempting to reference *Prasad v. State of Va.*

No. 3:17cv686 (E.D. Va. 2017). In that case, Prasad named the undersigned as a defendant and

---

[1] The Court employs the pagination assigned by the CM/ECF docketing system. The
Court corrects for spelling, capitalization and punctuation in citations to Prasad's submissions.

undersigned promptly recused herself from hearing the case. *Id.*, ECF No. 16. Ultimately, that case was dismissed by another judge, and the United States Court of Appeals for the Fourth Circuit dismissed Prasad's appeal for failure to prosecute. *Id.*, ECF Nos. 20, 49. The undersigned was never served with process, nor required to make an appearance in the case.

The bar for recusal is high, as "courts have only granted recusal motions in cases involving particularly egregious conduct." *Belue v. Leventhal*, 640 F.3d 567, 573 (4th Cir. 2011). Past "judicial rulings alone almost never constitute a valid basis for bias," or a valid reason to demand recusal of a judge. *Liteky v. United States*, 510 U.S. 540, 555 (1994) (citation omitted). As such, the mere fact that the undersigned may have recused herself from a prior case involving Prasad does not, in and of itself, require the same result here. *Id.* In actuality, the Court harbors no bias against Prasad, and Prasad has failed to show the sort of "deep–seated and unequivocal antagonism that would render fair judgment impossible." *Id.* at 556. Indeed, Prasad has not pointed to a single thing that the Court has said or done as a basis for justifying recusal. Accordingly, Prasad's Motion for Recusal (ECF No. 9) will be DENIED.

## II. Exhaustion of Remedies

Before a state prisoner can bring a § 2254 petition in federal district court, the prisoner must first have "exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). State exhaustion "is rooted in considerations of federal-state comity," and in Congressional determination via federal habeas laws "that exhaustion of adequate state remedies will 'best serve the policies of federalism.'" *Slavek v. Hinkle*, 359 F. Supp. 2d 473, 479 (E.D. Va. 2005) (some internal quotation marks omitted) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 491–92, 492 n.10 (1973)). The purpose of exhaustion is "to give the State an initial opportunity

2

to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks omitted).

Exhaustion has two aspects. First, a petitioner must utilize all available state remedies before the petitioner can apply for federal habeas relief. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844–48 (1999). As to whether a petitioner has used all available state remedies, the statute notes that a habeas petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

The second aspect of exhaustion requires a petitioner to have offered the state courts an adequate "opportunity" to address the constitutional claims advanced on federal habeas. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (internal quotation marks omitted) (quoting *Duncan v. Henry*, 513 U.S. 364, 365–66 (1995)). "To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Id.* Fair presentation demands that a petitioner present "both the operative facts and the controlling legal principles" to the state court. *Longworth v. Ozmint*, 377 F.3d 437, 448 (4th Cir. 2004) (internal quotation marks omitted) (quoting *Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000)). The burden of proving that a claim has been exhausted in accordance with a "state's chosen procedural scheme" lies with the petitioner. *Mallory v. Smith*, 27 F.3d 991, 994–95 (4th Cir. 1994).

Prasad does not contend that her pending matters in state court have been properly exhausted in accordance with Virginia's procedural scheme; rather, she states in conclusory fashion that she should be excused from the requirement due to the ongoing coronavirus

3

pandemic and an assault she allegedly suffered at the hands of her cellmate. (ECF No. 19, at 1.) While the current pandemic certainly has had a disruptive effect on virtually every aspect of public life, and the assault that Prasad alleges occurred is, on its face, unfortunate, they fail to provide a viable basis for excusing her compliance with the exhaustion requirement.

Accordingly, Prasad's § 2254 Petition will be DISMISSED WITHOUT PREJUDICE.

### III.  Conclusion

For the foregoing reasons, Prasad's Motion for Recusal (ECF No. 9) will be DENIED. Prasad's § 2254 Petition (ECF No. 1) will be DISMISSED WITHOUT PREJUDICE. Prasad's outstanding Motions (ECF Nos. 6, 7, 12, 13, and, 19) will be DENIED. The action will be DISMISSED. A certificate of appealability will be DENIED.[2]

An appropriate Order will accompany this Memorandum Opinion.

It is so ORDERED.

_____ /s/

M. Hannah Lauck
United States District Judge

Richmond, Virginia
Date: December 11, 2020

---

[2] An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893–94 (1983)). Prasad fails to meet this standard.